UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MAYRA A. MONDRAGON, on her
own behalf and behalf of her own
minor child, D.G.,

        Plaintiffs,

v.

BAR-S FOODS CO., INC. and THE
KROGER CO., INC.,

        Defendants.

CIVIL ACTION NO.
1:19-cv-04690-JPB

## **ORDER**

This matter came before the Court on Plaintiffs Mayra A. Mondragon and

D.G.'s (collectively "Plaintiffs") Motion to Remand ("Motion").  ECF No. 62.

After due consideration of the Motion, the Court finds as follows:

## I.  **BACKGROUND**

Plaintiffs filed a complaint against Defendants Bar-S Foods Co. ("Bar-S")[1]

and The Kroger Co., Inc. ("Kroger") (collectively "Defendants") in the Superior

Court of Gwinnett County for damages suffered as a result of allegedly ingesting

---

[1] Bar-S is incorrectly referred to as "Bar-S Foods Co., Inc." in the case style.

an adulterated food product purchased at a Kroger supermarket.  Bar-S thereafter removed the action to this Court.

Bar-S argued that diversity jurisdiction is proper in this Court because the parties are diverse and the amount in controversy threshold was met.  In support of these assertions, Bar-S offered the allegations in the Complaint regarding the parties' citizenship and Plaintiffs' responses to discovery requests.  Plaintiffs neither disputed these assertions nor objected to the removal.

After more than a year of litigating in this Court, Plaintiffs move for remand because they contend that discovery is complete, and "it is clear that [their] damages are nowhere close to the minimum jurisdictional threshold of $75,000."[2]

Bar-S refutes this contention based on Plaintiffs' purported admissions in their discovery responses that their damages exceeded $75,000.[3]

Plaintiffs, however, argue that their responses to discovery regarding damages specifically clarified that they could not confirm their damages at the time and, as such, do not constitute admissions regarding the amount in controversy.

---

[2] Plaintiffs do not dispute that the parties are diverse.

[3] Bar-S also contends that Plaintiffs seek removal at this time only to avoid the consequences of their alleged failure to participate in discovery but does not dispute that Plaintiffs may move for remand at this time.  *See also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

For example, in response to a request to admit that "Plaintiffs['] total damages as alleged in [the] lawsuit . . . are less than $75,000.00," Plaintiffs stated as follows: "Denied.  Plaintiff is unable to confirm the amount of damages at this stage of the litigation."

Because Bar-S offered only the discovery responses to prove the amount in controversy, Plaintiffs argue that Bar-S failed to show by a preponderance of the evidence that the amount was met at the time of removal.  Plaintiffs therefore conclude that remand is proper at this time.

## II.    ANALYSIS

Federal courts have original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states."  28 U.S.C. § 1332(a).  The removing party "bears the burden of proving that federal jurisdiction exists" and must "prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement."[4]  *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  "Any doubts about the propriety of federal jurisdiction should be

---

[4] Proving something by a "preponderance of the evidence" means providing the "amount of evidence that is enough to persuade … that the … claim is more likely true than not true."  *Weathers v. Lanier*, 280 F. App'x 831, 833 (11th Cir. 2008).

resolved in favor of remand to state court." *Adventure Outdoors Inc. v. Bloomberg*, 552 F.3d 1290, 1294 (11th Cir. 2008).

Here, while it is undisputed that the parties are citizens of different states, a question exists as to whether the amount in controversy requirement was satisfied at the time of removal. Bar-S' reliance on Plaintiffs' discovery responses to answer this question is misplaced because those responses are not as definitive as Bar-S asserts. To the contrary, they demonstrate uncertainty regarding the amount in controversy. And such uncertainty does not square with Bar-S' burden to prove that it was more likely than not that the amount in controversy exceeded $75,000 at the time of removal.

Given the presumption in favor of remand where federal jurisdiction is not clear, the Court finds that Bar-S has not met its burden to show that the amount in controversy exceeded $75,000 at the time of removal. Therefore, the Court **GRANTS** Plaintiffs' Motion (ECF No. 62).

The Court declines to award costs to Plaintiffs for Bar-S' improper removal of the case in light of Plaintiffs' apparent initial acquiescence in removal and/or delay in seeking remand.

This matter is hereby **REMANDED** to the Superior Court of Gwinnett County.  The Clerk is **DIRECTED** to terminate all pending motions and close the case.

**SO ORDERED** this 2nd day of August, 2021.

_____
**J. P. BOULEE**
United States District Judge